

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 18, 2017

The Honorable Scott A. Say
Lamb County Attorney
100 6th Drive, Room 111
Littlefield, Texas 79339

Opinion No. KP-0149

Re: Whether individuals civilly committed pursuant to chapter 841 of the Health and Safety Code are eligible to vote by mail under section 82.002 of the Election Code (RQ-0142-KP)

Dear Mr. Say:

You request an opinion concerning the application of subsection 82.002(a) of the Election Code.[1] That provision provides in relevant part:

> A qualified voter is eligible for early voting by mail if the voter has a sickness or physical condition that prevents the voter from appearing at the polling place on election day without a likelihood of needing personal assistance or of injuring the voter's health.

TEX. ELEC. CODE § 82.002(a) ("Disability"). Specifically, you ask whether individuals who have been civilly committed under chapter 841 of the Health and Safety Code qualify to vote by mail under this section. Request Letter at 3.

Chapter 841 establishes a process for civil commitment of sexually violent predators. *See* TEX. HEALTH & SAFETY CODE §§ 841.001–.151. Texas law defines "sexually violent predator" as a person who: "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a).[2] A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2).

If a person is serving a prison sentence for a sexually violent offense and may be a repeat sexually violent offender, the Texas Department of Criminal Justice ("TDCJ") conducts an

---

[1]Letter from Honorable Scott A. Say, Lamb Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 18, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]Section 841.002(8) lists the offenses that qualify as sexually violent offenses. TEX. HEALTH & SAFETY CODE § 841.002(8).

assessment of the person. *Id.* §§ 841.021(c), .022(c), .023(a). If TDCJ determines the person suffers from a behavioral abnormality, it must give notice to the attorney representing the State for the county in which the person was most recently convicted of a sexually violent offense. *Id.* § 841.023(b). That attorney may then petition for a trial to determine whether the person is a sexually violent predator. *Id.* § 841.041. No later than the person's sentence discharge date, the judge must conduct a trial to determine whether the person is a sexually violent predator. *Id.* § 841.061. If the judge or jury determines that the person is a sexually violent predator, the judge shall commit the person for treatment and supervision coordinated by the Texas Civil Commitment Office ("TCCO").[3] *Id.* § 841.081(a). Such "treatment and supervision begins on the person's release from a secure correctional facility and continues until the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence." *Id.*

Despite their civil commitment, you explain that some individuals adjudged as sexually violent predators may qualify as eligible voters under Texas law. Request Letter at 2. Article 6, section 1(a) of the Texas Constitution provides: "The following classes of persons shall not be allowed to vote in this State: . . . (3) persons convicted of any felony, subject to such exceptions as the Legislature may make." TEX. CONST. art. VI, § 1(a). Pursuant to this authority to make exceptions, the Legislature authorized a person who has been finally convicted of a felony to vote if that person has: "(A) fully discharged the person's sentence, including any term of incarceration, parole, or supervision, or completed a period of probation ordered by any court; or (B) been pardoned or otherwise released from the resulting disability to vote." TEX. ELEC. CODE § 11.002(a)(4). When the TDCJ releases a person from a secure correctional facility into TCCO's care, that person may have fully discharged his or her sentence. Adjudication as a sexually violent predator and the consequent court-ordered commitment do not extend a person's criminal sentence. *See In re Commitment of Fisher*, 164 S.W.3d 637, 647, 653 (Tex. 2005) (explaining that a commitment proceeding under chapter 841 is not punitive, but instead is a civil matter designed to promote public safety and further treatment of sexually violent predators). Instead, in such situations, a court or jury determines that even though an individual served a sentence and is eligible for release, the individual poses a continuing risk to society due to the likelihood of repeated predatory behavior. *See* TEX. HEALTH & SAFETY CODE § 841.001. Thus, a sexually violent predator residing at the Center who fully discharged his or her sentence and meets the other statutory requirements qualifies as an eligible voter under section 11.002 of the Election Code. TEX. ELEC. CODE § 11.002(a).

You advise that TCCO places all committed sexually violent predators in one central facility, called the Texas Civil Commitment Center (the "Center"), located in Lamb County. Request Letter at 1.[4] As required by state law, TCCO operates a tiered program at the Center for

---

[3] The Legislature established TCCO as a state agency, administratively attached to the Department of State Health Services, to treat and supervise civilly committed sex offenders. TEX. GOV'T CODE §§ 420A.002(a), .010, .011(a).

[4] As of October 31, 2016, 240 sexually violent predators resided at the Center. Biennial Report Regarding the TCCO, at 19, *available at* http://www.ovsom.texas.gov/docs/TCCOBiennialReport2016.pdf.

the supervision and treatment of sexually violent predators.[5]   Tier One involves a "total confinement setting," and each subsequent tier is less restrictive. TCCO Brief at 3. However, none of the sexually violent predators residing at the Center have "progressed to the point where they are permitted to be employed in the community or travel independently in the community." *Id.*[6] They do not leave the Center unless "absolutely necessary," and in such circumstances, they are escorted at all times by two security staff members. *Id.*

You ask whether sexually violent predators residing at the Center who qualify to vote may do so by mail under section 82.002(a) of the Election Code.[7] Request Letter at 3. In order to vote by mail under section 82.002(a), an eligible voter must have "a sickness or physical condition that prevents the voter from appearing at the polling place on election day without a likelihood of needing personal assistance or of injuring the voter's health." TEX. ELEC. CODE § 82.002(a). The Legislature did not further define "sickness." However, common understandings of the term include an "unsound condition." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1157 (11th ed. 2005); AMERICAN HERITAGE COLLEGE DICTIONARY 1287 (4th ed. 2002); *see also* BLACK'S LAW DICTIONARY 1592 (10th ed. 2014) (defining "sickness" to include "[a]ny disease of the body or mind"). Sexually violent predators have been adjudged by a court to possess a behavioral abnormality, defined as a "*condition* that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." TEX. HEALTH & SAFETY CODE § 841.002(2) (emphasis added); *see also In re Commitment of Browning*, 113 S.W.3d 851, 861 (Tex. App.— Austin, 2003, pet. denied) (explaining that one of the purposes of civil commitment is to provide treatment for sexually violent predators' "difficult-to-treat conditions"). Thus, a court would likely conclude that the behavioral abnormality of a sexually violent predator qualifies as a sickness under section 82.002(a) of the Election Code.

Furthermore, a sexually violent predator's behavioral abnormality results in the imposition of travel restrictions that may prevent the sexually violent predator "from appearing at the polling place on election day." TEX. ELEC. CODE § 82.002(a). Both court orders of commitment and TCCO's civil commitment rules restrict sexually violent predators' ability to travel beyond the Center. TCCO Brief at 4. If the Center's assigned polling location is in a child safety zone, TCCO rules prohibit sexually violent predators from entering the polling location unless TCCO makes a

---

[5]*See* Brief from Jessica Marsh, Gen. Counsel, TCCO at 3 (Dec. 22, 2016) ("TCCO Brief") (on file with the Op. Comm.); *see also* TEX. HEALTH & SAFETY CODE § 841.0831.

[6]An individual progresses to the final tier of the treatment program, Tier Five, when TCCO or a court determines that the individual's behavior and progress in treatment warrant less restrictive housing, and conditions can be imposed that adequately protect the community. *See* TEX. HEALTH & SAFETY CODE §§ 841.0831(b) ("The tiered program must provide for the seamless transition of a committed person from a total confinement facility to less restrictive housing and supervision . . . ."), .0834 (moving between tiers). At that time, the individual no longer resides at the Center but remains subject to community supervision until fully released from civil commitment. TCCO Brief at 3. Because you ask only about sexually violent predators residing at the Center, we do not address to what extent sexually violent predators currently in Tier Five of the Center's program may be eligible to vote by mail. *See* Request Letter at 3.

[7]Legislation currently pending would repeal section 82.002 of the Election Code and authorize any qualified voter to vote by mail. *See* Tex. H.B. 3118, 85th Leg., R.S. (2017); Tex. H.B. 956, 85th Leg., R.S. (2017); Tex. H.B. 163, 85th Leg., R.S. (2017); Tex. S.B. 426, 85th Leg., R.S. (2017).

specific exception.  *Id.*  Furthermore, TCCO policy prevents sexually violent predators from leaving the Center without security escorts, thereby preventing them from appearing at a polling place without assistance.  *See* TEX. ELEC. CODE § 82.002(a).  Thus, a court would likely conclude that an individual civilly committed pursuant to chapter 841 and residing at the Center is eligible to vote by mail under subsection 82.002(a) of the Election Code.

## S U M M A R Y

A court would likely conclude that a qualified voter civilly committed pursuant to chapter 841 of the Health and Safety Code and residing at the Texas Civil Commitment Center is eligible to vote by mail under subsection 82.002(a) of the Election Code.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee